An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK PETER ESTRADA, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65862

**FILED**

DEC 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant filed a timely petition on February 27, 2014. The district court denied the petition without appointing counsel. We conclude that the district court erred in denying the petition without appointing counsel for the reasons discussed below.

NRS 34.750 provides for the discretionary appointment of post-conviction counsel and sets forth the following factors which the court may consider in making its determination to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner is unable to

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-40263

comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The determination of whether counsel should be appointed is not necessarily dependent upon whether a petitioner raises issues in a petition which, if true, would entitle the petitioner to relief.

Appellant's petition arose out of a trial with potentially complex issues. Appellant was represented by appointed counsel at trial. Appellant is serving a significant sentence. In addition, appellant moved for the appointment of counsel and claimed that he was indigent. The failure to appoint post-conviction counsel prevented a meaningful litigation of the petition. We note that the victim's cause of death was a particular point of contention at trial. Further development of claims regarding the victim's cause of death and discovery of expert witnesses related to medical evidence require investigation by post-conviction counsel. Thus, we reverse the district court's denial of appellant's petition and remand this matter for the appointment of counsel to assist appellant in the post-conviction proceedings. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                          Saitta

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Frank Peter Estrada, Jr.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A